IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEROY O. HERRERA,

       Plaintiff,

v.                                          CV 19-0581 KWR/JHR

ANDREW SAUL,
Commissioner of Social Security,

       Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    This matter comes before the Court on Plaintiff Leroy O. Herrera's Opening Brief [Doc. 18], filed November 18, 2019, the Commissioner's Response [Doc. 24], filed February 13, 2020, and Mr. Herrera's Notice of Completion of Briefing [Doc. 26], filed April 16, 2020. This case, which is assigned to District Judge Kea Riggs, has been referred to the undersigned Magistrate Judge "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." [Doc. 23]; *see* 28 U.S.C. §§ 636(b)(1)(B), (b)(3). Having reviewed the parties' submissions, the relevant law, and the relevant portions of the Administrative Record ("*AR*"), the undersigned recommends that the Court **grant** Mr. Herrera a remand to the Administration.

## I.    INTRODUCTION

    The Department of Veterans Affairs found Mr. Herrera to be disabled and awarded him benefits under its rules. Mr. Herrera then applied for disability insurance benefits under the Social Security Act but was found to be not disabled and was denied benefits. He now appeals the Social Security Administration's denial, arguing principally that the Commissioner of Social Security was required to consider the findings and considerations of the VA before discarding its

conclusions that his impairments preclude him from working. Having carefully considered the evidence in this case, the Court agrees that the ALJ who decided Mr. Herrera's claim did not adequately analyze the VA ratings in his file as required by the rules in effect when Mr. Herrera's claim was decided and so committed clear legal error. Therefore, the Court should reverse and remand the Commissioner's Final Decision denying Mr. Herrera benefits.[1]

## II.   <u>PROCEDURAL HISTORY</u>

Mr. Herrera filed an application seeking disability insurance benefits under Title II of the Social Security Act on February 9, 2016. *AR* at 184.[2] In his application Mr. Herrera alleged that his conditions, which included "back injury," gout, diabetes, arthritis and depression, *AR* at 74, rendered him unable to work by January 10, 2016. *AR* at 184. The Administration denied Mr. Herrera's claims initially and upon reconsideration, and he requested a *de novo* hearing before an administrative law judge ("ALJ"). *AR* at 72-123.

ALJ Michael Leppala held an evidentiary hearing on February 2, 2018, at which Mr. Herrera and a vocational expert ("VE"), Nicole King, testified. *AR* at 32-71. When questioned by the ALJ Mr. Herrera stated that he most recently worked as an assistant manager at automotive parts stores and as a mechanic at automotive dealerships, having served in the National Guard as a squad leader in Iraq and Afghanistan (2009-2010) and domestically as a mechanic. *AR* at 38-41. Mr. Herrera testified that he could no longer work in any of these capacities because of his back pain and mental impairments, specifically his anger problems and anxiety related to his Post-Traumatic Stress Disorder ("PTSD"), which prevented him from being around groups of people

---

[1] Because the undersigned concludes that the Court should reverse the Commissioner's Final Decision and remand Mr. Herrera's case to the Administration for further proceedings, I will not address the other claims of error raised in his Opening Brief "because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

[2] Document 11-1 comprises the sealed Certified Administrative Record ("*AR*"). The Court cites the Record's internal pagination rather than the CM/ECF document number and page.

or crowds. *See AR* at 43-44, 51-52, 60-61. At the end of the hearing, the ALJ asked the VE whether a hypothetical individual with Mr. Herrera's conditions and resulting limitations could perform his past work or other work in the national economy. *AR* at 63-66. Relevant here, the ALJ stated that the hypothetical individual could "respond appropriately to supervision, coworkers and work situations" but would be "limited to occasional interaction with coworkers and supervisors, no contact with the general public, and is best suited for low-stress work settings." *AR* at 63.   While the VE testified that Mr. Herrera's conditions would prevent a hypothetical individual from working as a Squadron Sergeant, Assistant Manager and Mechanic, she stated that such a person could still work as a Garment Sorter, Housekeeper and Document Preparer. *AR* at 63-65.[3]

Relying on the VE's testimony, the ALJ issued an unfavorable decision on September 13, 2018. *AR* at 10-31. Mr. Herrera submitted a Request for Review of the ALJ's decision to the Appeals Council, which the Council denied on April 18, 2019. *AR* at 1-5, 182-183. As such, the ALJ's decision became the final decision of the Commissioner. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). This Court now has jurisdiction to review the Commissioner's Final Decision pursuant to 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(a).

### III.   THE COMMISSIONER'S FINAL DECISION

A claimant seeking disability benefits must establish that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

---

[3] The VE also testified that the hypothetical person could work as a Final Assembler or Assembler, *AR* at 65, but the ALJ did not rely on either job to deny Mr. Herrera benefits, so the Court is precluded from relying on them here. *AR* at 25.

The Commissioner must use a five-step sequential evaluation process to determine eligibility for benefits. 20 C.F.R. § 404.1520(a)(4).[4]

At Step One of the sequential evaluation process, the ALJ found that Mr. Herrera has not engaged in substantial gainful activity since his alleged onset date. *AR* at 15. At Step Two, he determined that Mr. Herrera has the severe impairments of "post-traumatic stress disorder, anxiety disorder, and depression[.]" *AR* at 15. At Step Three, the ALJ concluded that Mr. Herrera's impairments, individually and in combination, do not meet or medically equal the regulatory "listings." *AR* at 16-18.

When a claimant does not meet a listed impairment, the ALJ must determine his residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). RFC is a multidimensional description of the work-related abilities a plaintiff retains in spite of his impairments. *See* 20 C.F.R. § 404.1545(a)(1). "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8p, 1996 WL 374184, at *1. In this case, the ALJ determined that Mr. Herrera retains the RFC to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the Claimant can understand, carry out, and remember simple instructions and make commensurate work-related decisions, **respond appropriately to supervision, coworkers and work situations,** deal with routine changes in work setting, maintain concentration, persistence and pace for up to and including two hours at a time with normal breaks throughout the normal workday.

---

[4] The Tenth Circuit summarized these steps in *Allman v. Colvin*, 813 F.3d 1326, 1333 n.1 (10th Cir. 2016):

> At step one, the ALJ must determine whether a claimant presently is engaged in a substantially gainful activity. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). If not, the ALJ then decides whether the claimant has a medically severe impairment at step two. *Id.* If so, at step three, the ALJ determines whether the impairment is "equivalent to a condition 'listed in the appendix of the relevant disability regulation.'" *Id.* (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). Absent a match in the listings, the ALJ must decide at step four whether the claimant's impairment prevents him from performing his past relevant work. *Id.* Even if so, the ALJ must determine at step five whether the claimant has the RFC to "perform other work in the national economy." *Id.*

> **He is limited to occasional interaction with coworkers and supervisors, no
> contact with the general public, and is best suited for low stress work settings.**

*AR* at 18 (emphasis added).

Employing this RFC at Steps Four and Five, and relying on the VE's testimony, the ALJ
determined that Mr. Herrera is unable to perform his past relevant work as a Squadron Sergeant,
Assistant Manager or Mechanic. *AR* at 24. However, the ALJ found that there are jobs that exist
in significant numbers in the national economy that Mr. Herrera can perform despite his
limitations. *AR* at 25. Specifically, the ALJ determined that Mr. Herrera retains the functional
capacity to work as a Garment Sorter, Motel Housekeeper, or Document Preparer. *AR* at 25.
Accordingly, the ALJ determined that Mr. Herrera is not disabled as defined in the Act and denied
him Title II benefits. *AR* at 26.

## IV.   <u>LEGAL STANDARDS</u>

This Court "review[s] the Commissioner's decision to determine whether the factual
findings are supported by substantial evidence and whether the correct legal standards were
applied." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (quoting *Mays v. Colvin*, 739 F.3d
569, 571 (10th Cir. 2014)). A deficiency in either area is grounds for remand. *Keyes-Zachary v.
Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). "Substantial evidence is such relevant evidence as
a reasonable mind might accept as adequate to support a conclusion. . . . A decision is not based
on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere
scintilla of evidence supporting it." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004)
(quoted authority omitted).

## V.   <u>ANALYSIS</u>

Mr. Herrera argues that, under the regulations and rules applicable to his claim,[5] the ALJ was required to consider and meaningfully discuss the disability ratings assigned by the VA when he was discharged and awarded VA benefits (seventy percent rating of service-connected disability; ninety percent service-connected disability; rated "unemployable."). [Doc. 18, pp. 2-4]; *see AR* at 22, 623-638, 782. Considering the VA's disability ratings concluded that Mr. Herrera's service-connected impairments are serious enough to cause severe restrictions in his ability to interact with others, adapt and tolerate stress, *AR* at 636, the Court agrees that they should have been properly considered under the law applicable to Mr. Herrera's case. Because they were not, and because their underlying findings conflict with the ALJ's RFC - which presumes that Mr. Herrera can respond adequately to supervision, coworkers and work situations, *see AR* at 18 - the Court concludes that this case should be remanded for proper consideration of the VA's ratings and their effect on Mr. Herrera's ability to work.

Under the law applicable to this claim, findings by other agencies are not binding on the Commissioner but are entitled to weight and must be considered. *Green v. Comm'r, Social Security Admin.*, 734 F. App'x 600, 603 (10th Cir. 2018) (unpublished) (citing *Baca v. Dep't of Health & Human Servs.*, 5 F. 3d 476, 480 (10th Cir. 1993); *Grogan v. Barnhart*, 399 F.3d 1257, 1262-63 (10th Cir. 2005)); *see also Musgrave v. Sullivan*, 966 F.2d 1371, 1375 (10th Cir. 1992) ("Disability determinations by other agencies [while entitled to consideration] are not binding on the [Commissioner]."). In other words, while the ALJ was not bound by the VA's conclusion that Mr.

---

[5] The Commissioner correctly notes that the rules and regulations applicable to determinations of disability by other governmental agencies, like the VA, changed effective March 27, 2017. [*See* Doc. 24, p. 13]; *see also* 20 C.F.R. § 404.1504. However, because Mr. Herrera's application was filed in February 2016 the prior version of Section 404.1504, and the rules and case law construing it, apply. *See generally Gonzales v. Saul*, CV 19-0093 SCY, 2020 WL 364843, *4-6 (D.N.M. Jan. 22, 2020) (Explaining the application of the prior regulation under Tenth Circuit law and concluding that under the new rule an ALJ is not required to evaluate the persuasiveness of the VA's disability rating.).

Herrera's impairments and the symptoms they cause are disabling, he was required to give the VA's determination more than cursory treatment – he was required to discuss the evidence underlying the VA's finding and explain why he found it unpersuasive. *Id.* at 605. Failure to do so is reversible error.

For example, in *Green* the Tenth Circuit reversed and remanded where an ALJ failed to explain how his analysis of certain relevant factors caused his conclusions about disability to diverge from the VA's. *See id.* at 603-605. While the court agreed that there are factors – like a function-by-function assessment of the claimant's capabilities – that an ALJ must consider that are not part of the VA's analysis, it's concern in *Green* was amplified by the ALJ's failure to discuss in any detail the evidence underlying the VA's conclusion. *Id.* at 604. In other words, the Tenth Circuit remanded in *Green* because the ALJ failed to adequately distinguish the evidence underlying the VA's disability findings – which would have ostensibly supported a finding of disability under the Social Security Act and its implementing regulations. This was what was required at the time; even the Commissioner's own Social Security Ruling stated that ALJs "should explain the consideration given to [VA findings]" because "[t]hese decisions, and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairments(s) and show the degree of disability determined by these agencies based on their rules." SSR 06-03P, 2006 WL 2329939, at *7. Thus, if the ALJ in this case failed to adequately address Mr. Herrera's VA ratings, as he argues, the Court is constrained to recommend reversal.

The Commissioner argues that "[t]he ALJ followed the guidance of SSR 06-03p and explained that the VA disability rating was not consistent with the other evidence in the record, including Plaintiff's daily activities and medical history." [Doc. 24 (citing *AR* at 19)].[6] It is true

---

[6] The Commissioner further argues that "the VA's statement that Plaintiff was unemployable upon discharge is negated by Plaintiff's subsequent work history as an assistant manager at auto parts stores and a mechanic at car

that the ALJ's summary of Mr. Herrera's work history states that "[u]pon discharge, the Claimant was found disabled under a different set of rules and regulations used by the Veterans Administration, but the Social Security disability program utilizes different rules to determine disability." *AR* at 19. He then goes on to state that Mr. Herrera's reported daily activities and "the evidence" are "simply not consistent with a finding of disability under Social Security program rules and regulations." *Id.* Later, when discussing opinion evidence, the ALJ sets forth Mr. Herrera's various VA disability ratings. *AR* at 22. The ALJ then states that Mr. Herrera's representative agreed at his hearing that "the VA Disability Rating System was different from the rules and regulations used by the Social Security administration[.]" *Id.* With no more discussion, the ALJ concluded: "[l]ittle weight is accorded to these ratings, because they arise from a completely different system of rules and regulations to determine disability rather than the use of Social Security program rules and regulations." *Id.* Having weighed the ALJ's discussion against *Green* and other relevant law, the undersigned recommends that the Court conclude further analysis of the VA ratings was required here.

The Court's reasoning is straightforward. Rather than identify and discount the evidence underlying the VA's disability ratings in this case, the ALJ simply found the ratings to be unpersuasive because the VA's applies different rules when determining "disability." As in *Green*, the Court finds nothing per se wrong about the ALJ's underlying premise – that the rules applied are different for the different programs. However, this fact does not relieve an ALJ of his independent duty to discuss the specific evidence supporting the VA's findings, especially where (as here) the ALJ's conclusions diverge so sharply from the very reasons the VA says Mr. Herrera

---

dealerships after he separated from the military." [Doc. 24, p. 13 (citing *AR* at 38-42)]. The Court will not consider this argument, as it may not create (or, by extension, accept) post-hoc rationalizations to explain the Commissioner's treatment of the evidence when that treatment is not apparent from the Commissioner's decision itself. *See Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005).

cannot work. Again, whereas the VA believes Mr. Herrera's ability to interact socially and adapt and tolerate stress are severely impaired, *AR* at 636, the RFC formulated by the ALJ in this case assumes that Mr. Herrera can "respond appropriately to supervision, coworkers, and work situations…" so long as he is limited to "occasional interaction with coworkers and supervisors" and "no contact with the general public" all while being "best suited for low stress working settings." *AR* at 18. In sum, the VA's restrictions are inconsistent with Mr. Herrera's RFC, and the ALJ assigned to this case discarded the VA's ratings without affording them any deference or analyzing their underlying evidence.

Therefore, because the ALJ relied on Mr. Herrera's RFC, which omitted adequate analysis of his VA disability ratings, to conclude that he can still work at Step Five of the sequential evaluation process, I recommend that the Court reverse and remand Mr. Herrera's claim for benefits for further administrative analysis.

## VI.    CONCLUSION AND RECOMMENDATION

Under the law applicable to Mr. Herrera's claim the Commissioner was required to consider the evidence underlying the VA's disability ratings and explain why they were not entitled to deference in determining his entitlement to Title II benefits. Because the Commissioner failed to properly apply the law, this case should be reversed and remanded for further proceedings.[7]

---

[7] The Court recognizes Mr. Herrera's request for an immediate award of benefits and recommends denial of the same. Whether to award benefits when remanding a case is a matter of this Court's discretion. *See Winick v. Colvin*, 674 F. App'x 816, 822 (10th Cir. 2017) (quoting *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006)). In exercising this discretion, the Court considers factors such as "the length of time the matter has been pending and whether or not given the available evidence, remand for additional fact-finding would serve any useful purpose but would merely delay the receipt of benefits." *Id.* (internal quotation marks omitted). While the Court sympathizes with Mr. Herrera, further fact-finding would serve a useful purpose (and could ostensibly result in a supported denial of benefits) in this case, as the Commissioner may yet conclude that the VA's disability ratings are unpersuasive after a full analysis. Therefore, the Court will not award benefits but will instead remand the case for further analysis by the Administration. In so concluding the Court notes that the Tenth Circuit has denied an immediate award of benefits in a case "pending

Wherefore,

**IT IS HEREBY RECOMMENDED** that Mr. Herrera's Motion to Reverse and Remand [Doc. 18] be **granted** and that this case be **remanded** to the Commissioner for further proceedings consistent with this opinion.

JERRY H. RITTER
U. S. MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

nearly ten years" which "required numerous remands for further agency decision-making" because "an eventual award of benefits [was] not foreordained on" the record before it. *See Winick*, 674 F. App'x at 822. The same is true here.