IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEROY O. HERRERA,

        Plaintiff,

v.                                                                                                  1:19-cv-00581-KWR-JHR

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Proposed Findings and Recommended Disposition ("PFRD") entered by Magistrate Judge Jerry H. Ritter [Doc. 27], which recommends that the Court grant Plaintiff Herrera's request to remand his case to the Social Security Administration. [*See* Doc. 18 (Opening Brief); Doc. 24 (Response); Doc. 26 (Notice of Briefing Complete)]. Magistrate Judge Ritter issued his PFRD at the request of the undersigned presiding District Judge, and the Commissioner of Social Security filed timely objections to the PFRD as permitted by applicable law. [*See* Doc. 23 (Order of Reference); Doc. 28 (Objections)]; 28 U.S.C. §§ 636(b)(1)(B), (b)(3); Fed. R. Civ. P. 72(b). Having reviewed *de novo* the objections and the Magistrate Judge's PFRD, the Court **overrules** the Objections, **adopts** the PFRD, and **grants** Mr. Herrera a remand to the Social Security Administration.

## I.     STANDARD OF REVIEW

When resolving objections to a magistrate judge's proposal, "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further

evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).

The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation," when conducting a *de novo* review of a party's timely, specific objections to the magistrate judge's report. *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000).

## II. PROCEDURAL HISTORY

Mr. Herrera filed an application seeking disability insurance benefits under Title II of the Social Security Act on February 9, 2016. *AR* at 184.[1] The Administration denied Mr. Herrera's claims initially and upon reconsideration, and he requested and was granted a *de novo* hearing before Administrative Law Judge ("ALJ") Michael Leppala. *See AR* at 31-123. When questioned by the ALJ at the hearing Mr. Herrera stated that he most recently worked as an assistant manager at automotive parts stores and as a mechanic at automotive dealerships, having served in the National Guard as a squad leader in Iraq and Afghanistan (2009-2010) and domestically as a mechanic. *AR* at 38-41. Mr. Herrera testified that he could no longer work in any of these capacities because of his back pain and mental impairments, specifically his anger problems and anxiety related to his Post-Traumatic Stress Disorder ("PTSD"), which prevented him from being around groups of people or crowds. *See AR* at 43-44, 51-52, 60-61.

Ultimately, the ALJ issued an unfavorable decision, which became the Final Decision of the Commissioner after the Appeals Council denied Mr. Herrera's request for review. *AR* at 1-5,

---

[1] Document 11-1 comprises the sealed Certified Administrative Record ("*AR*"). The Court cites the Record's internal pagination rather than the CM/ECF document number and page.

10-31, 182-183; *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). That decision is subject to review by this Court pursuant to 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(a).

Relevant here, in concluding that Mr. Herrera is not disabled the ALJ rejected evidence from the Veterans Administration ("VA"): specifically, Mr. Herrera's VA disability ratings and the VA's determination that he is "unemployable" under its rules. *See AR* at 19-22. The ALJ did so early in the body of his decision because "the Social Security disability program utilizes different rules to determine disability" and because Mr. Herrera's daily activities "and the evidence presented are simply not consistent with a finding of disability under Social Security program rules and regulations." *See AR* at 19. Later, after summarizing supportive record and opinion evidence, the ALJ concluded that Mr. Herrera's ninety percent service connected disability rating and designation as "unemployable" by the VA should be rejected (given "little weight")[2] "because they arise from a completely different system of rules and regulations to determine disability rather than the use of Social Security program rules and regulations." *AR* at 22. The ALJ then concluded that Mr. Herrera maintains the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the Claimant can understand, carry out, and remember simple instructions and make commensurate work-related decisions, **respond appropriately to supervision, coworkers and work situations,** deal with routine changes in work setting, maintain concentration, persistence and pace for up to and including two hours at a time with normal breaks throughout the normal workday. **He is limited to occasional interaction with coworkers and supervisors, no contact with the general public, and is best suited for low stress work settings.**

---

[2] In this context, giving "little weight" to an opinion is synonymous with "effectively rejecting" it. *Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) (equating "according little weight to" an opinion with "effectively rejecting" it); *Crowder v. Colvin*, 561 F. App'x 740, 742 (10th Cir. 2014) (unpublished) (citing *Chapo* for this proposition); *Ringgold v. Colvin*, 644 F. App'x 841, 844 (10th Cir. 2016) (unpublished) (same).

*AR* at 18 (emphasis added). The ALJ employed this RFC at step five of the sequential evaluation process, in tandem with the testimony of a vocational expert, to find that Mr. Herrera can still work. *AR* at 25-26.

Mr. Herrera appealed the Commissioner's Final Decision to this Court, and, after briefing, Magistrate Judge Ritter recommended that the Court reverse the Final Decision and remand Mr. Herrera's case for further administrative proceedings. [*See generally* Doc. 27]. After reciting the applicable background facts and legal standards,[3] Magistrate Judge Ritter reasoned that the ALJ failed to properly apply the controlling legal principles to this case, which caused him to disregard relevant evidence that bears on the ultimate question – whether Mr. Herrera is disabled as defined by the Social Security Act.[*Id.*, pp. 6-10]. Magistrate Judge Ritter began by correctly noting that, under the law applicable to this claim, findings by other agencies like the VA are not binding on the Commissioner but are entitled to weight and must be considered. [*Id.*, p. 6 (citing *Green v. Comm'r, Social Security Admin.*, 734 F. App'x 600, 603 (10th Cir. 2018) (unpublished) (citing *Baca v. Dep't of Health & Human Servs.*, 5 F. 3d 476, 480 (10th Cir. 1993); *Grogan v. Barnhart*, 399 F.3d 1257, 1262-63 (10th Cir. 2005)); *Musgrave v. Sullivan*, 966 F.2d 1371, 1375 (10th Cir. 1992)). Magistrate Judge Ritter then applied this standard to the ALJ's analysis in this case, concluding that "[r]ather than identify and discount the evidence underlying the VA's disability ratings in this case, the ALJ simply found the ratings to be unpersuasive because the VA's applies different rules when determining 'disability.'" [*Id.*, pp. 8-9]. Magistrate Judge Ritter's conclusion was based primarily on the ALJ's failure to reconcile the actual examination underlying the VA

---

[3] The rules and regulations applicable to determinations of disability by other governmental agencies, like the VA, changed effective March 27, 2017. [*See* Doc. 24, p. 13]; *see also* 20 C.F.R. § 404.1504. However, because Mr. Herrera's application was filed in February 2016 the prior version of Section 404.1504, and the rules and case law construing it, apply. *See generally Gonzales v. Saul*, CV 19-0093 SCY, 2020 WL 364843, *4-6 (D.N.M. Jan. 22, 2020) (Explaining the application of the prior regulation under Tenth Circuit law and concluding that under the new rule an ALJ is not required to evaluate the persuasiveness of the VA's disability rating.).

ratings - which concluded Mr. Herrera's abilities to interact socially and adapt and tolerate stress are severely impaired - with the ALJ's RFC findings, which assume that Mr. Herrera can "respond appropriately to supervision, coworkers, and work situations" so long as he is limited to "occasional interaction with coworkers and supervisors" and "no contact with the general public" all while being "best suited for low stress working settings." [*Id.*]. In sum, Magistrate Judge Ritter concluded that the ALJ's failure to recognize the basis of the VA's ratings left his dismissal without the required analysis and deference that should have been afforded to the underlying evidence, even if the ratings themselves were permissibly rejected. [*Id.*].

### III.    THE OBJECTIONS

The Commissioner objects to Magistrate Judge Ritter's analysis, arguing the ALJ's decision should be affirmed because he "expressly" considered Mr. Herrera's VA ratings over time and specifically weighed the doctor's opinions that formed the basis of the VA's ratings. [Doc. 28, p. 2 (citing *AR* at 636)]. The Commissioner points out that the ALJ weighed treating doctor Manno's opinions, including the letter he wrote on Mr. Herrera's behalf, and gave them "significant weight, and explained how this record supported the ultimate RFC finding." [*Id.*, p. 4]. As such, the Commissioner argues that Magistrate Judge Ritter's premise – that the ALJ ignored unfavorable evidence when discarding the VA ratings – is mistaken, rendering his conclusion (that the ALJ failed to adequately analyze that evidence under the regulations) unsupported.

### IV. ANALYSIS

The Court overrules the Commissioner's objections. The Court has reviewed the record *de novo* and agrees with Magistrate Judge Ritter that the ALJ's analysis of Mr. Herrera's VA ratings was inadequate because it did not demonstrate consideration of the actual records

underlying the VA's ratings. The Commissioner's argument to the contrary specifically acknowledges the page from the VA's examination that Magistrate Judge Ritter identified as inconsistent with the ALJ's RFC, [*see* Doc. 28, p. 3 (citing *AR* at 636); *compared* Doc. 27, p. 9 (same)], but then argues, without critically reviewing that page, that the ALJ considered the entire record *including* the VA's examination. [*Id.*, p. 4 (citing *AR* at 17-24)]. However, even cursory review of the record surrounding the page Magistrate Judge Ritter identified demonstrates that the VA's ratings were based on the disability benefits questionnaire completed by Bonnie Chavez, Ph.D., who concluded that Mr. Herrera's abilities to interact socially, adapt and tolerate stress are severely impaired (AR at 623-638). This fact directly contradicts the Commissioner's present position that the ALJ's consideration of *Dr. Manno's* records and opinions demonstrates due consideration of the VA's ratings. In fact, nowhere in the ALJ's decision is Dr. Chavez' name mentioned, and the ALJ's discussion of Exhibit 9F (where the VA ratings are located) is confined to one paragraph that opines that Mr. Herrera's treatment records are supportive of the formulated RFC (*see AR* at 20). However, as Magistrate Judge Ritter ruled, that RFC does not adequately address the severe restrictions underlying the VA's ratings as noted by Dr. Chavez. Thus, because the ALJ's RFC conflicts with the evidence supporting the VA's ratings, it was imperative that the ALJ explicitly discuss the records underlying those ratings and explain any inconsistencies with his formulated RFC. Failure to do so was error under well-established law.

"[A]bsent an explanation, an ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Trujillo v. Comm'r, SSA*, 818 F. App'x 835, 842 (10th Cir. 2020) (unpublished) (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)). The Commissioner's present objections argue that the ALJ in this case avoided such error, even though the actual decision fails

to mention Dr. Chavez or her evaluation. The Court agrees with Magistrate Judge Ritter that, though VA ratings are not binding, they must be considered, and the ALJ's failure to consider the evidence underlying the VA ratings in this case demonstrates unwarranted and unsupported rejection of another U.S. governmental agency's conclusions contrary to controlling law.

## V. CONCLUSION

The Commissioner was required to consider the evidence underlying the VA's disability ratings (Dr. Chavez' report) and explain why the ratings were not entitled to deference in determining Mr. Herrera's entitlement to Title II benefits. Because the Commissioner failed to properly apply the law and consider Dr. Chavez' opinions, this case must be reversed and remanded for further proceedings.[4]

**THEREFORE** Mr. Herrera's request that the Court reverse and remand the Final Decision in his case [Doc. 18] is **GRANTED**. This case will be **REMANDED** to the Commissioner for further proceedings consistent with this opinion by a separate Final Judgment under Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

---

[4] The Court agrees with Magistrate Judge Ritter's determination that Mr. Herrera's request for an immediate award of benefits should be denied. [*See* Doc. 27, p. 9 n.7 (citing *Winick v. Colvin*, 674 F. App'x 816, 822 (10th Cir. 2017) (unpublished); *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006)).